670 So.2d 1328 (1996)
Lannie FISHER
v.
WESTBANK ROOFING.
No. 95-CA-964.
Court of Appeal of Louisiana, Fifth Circuit.
February 27, 1996.
Writ Denied May 10, 1996.
*1329 Alfred Hansen, New Orleans, for Plaintiff/Appellee, Lannie Fisher.
Jeffrey Napolitano, Metairie, for Defendant/Appellant, Westbank Roofing.
Before BOWES, GRISBAUM and WICKER, JJ.
BOWES, Judge.
Defendants/appellants, Westbank Roofing, and its insurer, National Loss Control Management, Inc., appeal from a judgment of the Office of Worker's Compensation denying its intoxication defense to the claim filed by plaintiff/appellee, Lannie Fisher. For the following reasons, we affirm.

FACTS
Fisher filed a claim for worker's compensation benefits against his employer, Westbank Roofing, on February 3, 1994, claiming that he was injured on December 23, 1993 when he fell from a roof, while acting in the course and scope of his employment. The accident was witnessed by a co-worker, Stanley Thomas. As a result of the fall, Fisher sustained the following injuries:
Transcaphoid perilunate dislocations (broken wrists), compression fractures of L1-2 vertebrae and fracture of the ischial ramus (pelvis).
Following the accident, Fisher was taken to West Jefferson General Hospital, where he was hospitalized from December 23, 1993 through January 4, 1994. Plaintiff testified that he had numerous blood tests and a urine test after the accident. He further testified that he never refused to submit to any testing and that he was not intoxicated on the date of the accident.
During his hospitalization on December 29, 1993, Fisher was administered a drug test via urine sample at the request of Westbank Roofing. By this time, Fisher had been hospitalized for six days and had undergone extensive surgery. A drug screening test on the sample was positive for THC, the psychoactive ingredient in marijuana. Testimony of Dr. Donald Wolfred, who analyzed the sample, indicated that the level, or amount, of THC identified could not have come from passive inhalation by plaintiff.
Defendants then terminated the worker's compensation benefits some time in January, 1994. Subsequently Fisher initiated these proceedings.
At the hearing, Fisher testified that he and his co-worker, Stanley Thomas, went to the Coast Guard station to complete a previously started roofing job. It had been raining periodically that day, and the roof was wet. The two men had completed the job and needed only to remove two discarded vent stacks from the roof. When they attempted to toss a vent stack off the roof, Fisher lost his footing and fell. Plaintiff further testified that he had not used any marijuana on the date of the accident, although he admitted to smoking marijuana some four days earlier when he and Thomas went to a Saints football game.
Mrs. Fisher, plaintiff's wife, testified that plaintiff was not intoxicated when he left for work that morning. Keith Hinkley, vice-president of and supervisor at Westbank Roofing, testified that Fisher did not appear intoxicated or otherwise impaired where he arrived at work. While there was testimony by Fisher, his wife and employees of Westbank Roofing, to establish that he had, at times prior to the accident, used marijuana both on and off the job, no one testified as to any drug usage by Fisher on the date of the accident. Stanley Thomas, claimant's co-worker, *1330 could not be located to testify at the trial.
David Hinkley, president of Westbank Roofing, testified that he requested that a drug screening be performed on Fisher on the date of the accident. However, that request was not fulfilled. Instead, the drug screening was performed six days later.
Following the hearing, the hearing officer ruled that Fisher was entitled to worker compensation benefits. She found that defendants did not meet the burden of proof necessary to establish intoxication on December 23, 1993. The hearing officer held that the drug test, which was not administered until six days after the accident, was untimely, and could not be used by the defendants to create the presumption of intoxication and causation as set forth in La.R.S. 23:1081, infra. The hearing officer then found that the evidence and testimony failed to establish any drug use by the defendant on the date of December 23, 1993 and, therefore, the claimant was entitled to worker's compensation benefits. The hearing officer also found that defendants were not arbitrary and capricious in their refusal to pay these benefits.
Defendants have appealed from those portions of this ruling which were not in their favor.

SPECIFICATION OF ERRORS
In their brief, defendants allege the following errors:
1. The Hearing Officer erred in finding that La.R.S. 23:1081(7)(a) limits the use of drug testing results to only those administered "immediately" after the accident;
2. The Hearing Officer erred in its interpretation of La.R.S. 23:1081(7)(a) in light of the facts and La.R.S. 23:1081(8);
3. Claimant has made false statements in relation to his claim and, therefore, forfeited his right to benefits pursuant to La.R.S. 23:1208.

ANALYSIS
La.R.S. 23:1081 provides in pertinent part as follows:
(1) No compensation shall be allowed for an injury caused:

* * * * * *
(b) by the injured employee's intoxication at the time of the injury, unless the employee's intoxication resulted from activities which were in pursuit of the employer's interests or in which the employer procured the intoxicating beverage or substance and encouraged its use during the employee's work hours, or

* * * * * *
(2) In determining whether or not an employer shall be exempt from and relieved of paying compensation because of injury sustained by an employee for any cause or reason set forth in this Subsection, the burden of proof shall be upon the employer.

* * * * * *
(5) If there was, at the time of the accident, evidence of either on or off the job use of a nonprescribed controlled substance as defined in 21 U.S.C. 812, Schedules I, II, III, IV, and V, it shall be presumed that the employee was intoxicated.

* * * * * *
(6) The foregoing provisions of this Section shall not be construed as limiting the introduction of any other competent evidence bearing upon the question of whether the employee was under the influence of alcoholic beverages or any illegal or controlled substance.

* * * * * *
(7)(a) For purposes of this Section, the employer has the right to administer drug and alcohol testing or demand that the employee submit himself to drug and alcohol testing immediately after the alleged job accident.

* * * * * *
(8) In order to support a finding of intoxication due to drug use, and a presumption of causation due to such intoxication, the employer must prove the employee's use of the controlled substance only by a preponderance of the evidence. In meeting this burden, the results of employer-administered *1331 tests shall be considered admissible evidence when those tests are the result of the testing for drug usage done by the employer pursuant to a written and promulgated substance abuse rule or policy established by the employer.

* * * * * *
(12) Notwithstanding any language to the contrary, once the employer has met the burden of proving intoxication at the time of the accident, it shall be presumed that the accident was caused by the intoxication. The burden of proof then is placed upon the employee to prove that the intoxication was not a contributing cause of the accident in order to defeat the intoxication defense of the employer.
As this Court previously noted in Williams v. Louisiana Coca-Cola Co., 94-810 (La.App. 5 Cir. 3/1/95), 652 So.2d 108, 111, writ denied, 95-0797 (La. 5/12/95), 654 So.2d 349:
It is clear from the language of the above statute that two presumptions apply in these cases: first, evidence of use of a non-prescribed controlled substance at the time of the accident creates a presumption that the employee was intoxicated. The employer has the burden of proof in this instance, and must carry his burden of proving the employee's drug use by a preponderance of the evidence. Once the employer has proven that the employee was intoxicated, the second presumption arises, that such intoxication caused the accident. At that point the burden of proof shifts to the employee to prove that the intoxication was not a contributing cause of the accident. If he does so, the intoxication defense of the employer is defeated.
[Emphasis supplied].
In the case sub judice, defendants sought to use the results of a drug test administered six days after the work-related accident to create the presumption that claimant was intoxicated at the time the accident occurred. The hearing officer ruled that for an employer to take advantage of the statutory presumption of intoxication created by La.R.S. 23:1081, the claimant must be tested for drug use immediately after the accident. As a result of the six day delay, defendants were not entitled to the presumption of intoxication as set forth in the statute cited supra. We agree.
Defendants argue that the interpretation placed on La.R.S. 23:1081 by the hearing officer is too restrictive. Instead, La.R.S. 23:1081(7)(a) should be read independently of La.R.S. 23:1081(8). Defendant's request that this Court interpret these statutes to provide that, pursuant to La.R.S. 23:1081(7)(a), an employer may request a drug test immediately after any accident in which an employee is injured, regardless of whether that employer has a promulgated drug policy in effect at that time.
In addition, La.R.S. 23:1081(8) allows an employer to test his employee at any time subsequent to an accident, "when those tests are the result of the testing for drug usage done by the employer pursuant to a written and promulgated substance abuse rule or policy established by the employer." Therefore, defendants argue that the results of that testing would also allow the employer to take advantage of the statutorily created presumption of intoxication of La.R.S. 23:1081(5).
Had the testing been performed immediately after the accident, as required by the statute, defendants would have been entitled to the statutory presumption of intoxication. However, in this case, the immediacy requirement of R.S. 23:1081(7)(a) had not been met and, therefore, the presumption was not available. If this Court were to accept the reasoning of the defendants, employers could possibly use the results of drug tests taken weeks or months after an accident to bar a claim. Such an interpretation of the law is illogical and we reject it.
Because the employer had a written and promulgated substance abuse policy, the results of the drug screening are admissible into evidence. This evidence, the fact that the claimant tested positive for THC six days after the accident, was only one piece of the evidence sought to be used by defendants in their attempt to prove that claimant was intoxicated at the time of the accident. After consideration of this circumstance, along with all the other evidence presented by *1332 defendants, the hearing officer found that defendants failed to meet the burden of proof required to support the intoxication defense. We agree and find no manifest error in this determination.
The defendants also argue that a second, and independent, ground existed to deny plaintiff's claim for worker's compensation benefits. Defendants allege that Fisher made false statements for the purpose of collecting worker's compensation benefits, which is prohibited by La.R.S. 23:1208, infra. Defendants further allege that, as a result, Fisher was disqualified from receiving worker's compensation benefits and the trial judge erred in finding otherwise.
La.R.S. 23:1208 provides that:
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
In their brief, defendants outline the "false statements or representations" made by defendant, which they allege were sufficient to find an independent basis for finding that plaintiff was disqualified from receiving worker's compensation benefits.
The first statement was made out of court by Fisher to Dr. Heinen after Dr. Heinen relayed the results of the drug screening. Dr. Heinen stated in deposition that Fisher told him that he (Fisher) had not smoked marijuana in fourteen years, although he had been around other people while they were smoking it.
The second statement was one made by Fisher in a deposition in which he stated that he had used marijuana probably one week before the accident, while at trial he testified that the actual date of usage was four days prior to the accident.
The last statements complained of were statements made by Fisher at trial which were contradicted by the testimony of other witnesses.
The hearing officer was aware of these statements at the time of her decision and she apparently did not find that these statements were "willful false statements" so as to disqualify plaintiff from receiving worker's compensation benefits. We see no manifest error in this decision as this is simply a credibility call by the trier of fact which is undoubtedly in her province.
Plaintiff also assigns as error the fact that the hearing officer erred in failing to award certain medical benefits and in failing to find that defendants were arbitrary and capricious in their failure to pay worker's compensation benefits. Unfortunately for plaintiff, he did not appeal from the judgment of the hearing officer, nor did he file an answer to the appeal lodged by defendants in this Court. When a party neither answers an appeal nor cross-appeals, this Court is precluded from reviewing that party's requested relief. La.C.C.P. art. 2133; W. Handlin Marine v. Gulf States Marine, 624 So.2d 907 (La.App. 5 Cir.1993). Accordingly, the issues raised by plaintiff are not properly before this Court and cannot be addressed.

CONCLUSION
For the above discussed reasons, the decision of the hearing officer of the Office of Worker's Compensation is affirmed in all respects. All costs of this appeal are assessed against defendants, Westbank Roofing Company, Inc. and National Control Loss Management, Inc.
AFFIRMED.