712 So.2d 263 (1998)
Bernard W. REUBEN
v.
TIDEWATER MARINE and The Insurance Company of Pennsylvania.
No. 97-CA-527.
Court of Appeal of Louisiana, Fifth Circuit.
May 13, 1998.
Dale E. Williams, Metairie, for Plaintiff/Appellant.
Sidney W. Degan, III, Foster P. Nash, III, New Orleans, for Defendants/Appellees.
Before GRISBAUM, GAUDIN, DUFRESNE, GOTHARD, and CANNELLA, JJ.
GOTHARD, Judge.
Claimant, Bernard Reuben, appeals a judgment of the Office of Workers' Compensation which denied his claim for benefits for violation of LSA-R.S. 23:1081 and 23:1208. For reasons that follow, we affirm.
Reuben testified that he injured his back on December 27, 1994 while lifting a heavy desk in the course and scope of his employment with Tidewater Marine. The fact that Reuben sustained the injury is not in question. The only issue presented for our review is whether the claimant forfeited his right to benefits for the injury by intoxication and/or making willful misrepresentations.
At the hearing on the merits, Mr. Reuben testified that he was employed with Tidewater Marine on December 27, 1994, when he injured his lower back attempting to move a large desk. He reported the injury and *264 sought medical treatment on January 3, 1995. A drug test taken on that day resulted in a positive test for marijuana. A subsequent test taken on January 9, 1995 resulted in a positive test for cocaine and marijuana. As a result of the drug test, claimant was terminated from his employment on January 13, 1995.
At trial, Mr. Reuben explained the drug test by stating that the marijuana must have been in a cigar he smoked at a party over the holidays. No explanation was provided for the cocaine. Claimant testified that he does not currently use drugs, and that he was not under the influence of drugs at the time of the accident.
On cross-examination, Mr. Reuben admitted that he once served eighteen months in prison for possession of marijuana. He admitted he had the drug in his possession, but denied using it. His explanation was that he "just happened to have that in (his) possession". He explained that he was a jailer in Charleston, South Carolina and was paid to bring a package to an inmate. He thought the package contained food, but when he was searched, marijuana was discovered.
Mr. Reuben testified that he was involved in an automobile accident in 1991 in which he injured his shoulder. He denied any prior injury to his back. Despite being confronted with the treating chiropractor's statement that the complaints and treatment were related to a lower back strain, and a statement to that effect signed by Mr. Reuben, claimant still continued to deny that he injured his back in that accident.
In reasons for judgment, the trial court made the following findings of fact:
Claimant was injured while in the course and arising out of his employment with defendant and is entitled to compensation benefits. However, claimant make willful misrepresentations and/or false statements for the purpose of obtaining benefits. Claimant also tested positive for both cannabinoids and cocaine metabolite when tested immediately upon reporting the injury to his employer. The fact that claimant was not tested until several days after the actual incident was a circumstance fully in the control of claimant. To allow claimant to "dodge the bullet" of an intoxication defense by delaying reporting an incident would negate the intent and impact of LSA-R.S. 23:1081.
LSA-R.S. 23:1081 provides for the disqualification of a claimant for benefits when the injury was caused by the employees's intoxication at the time of the accident. 23:1081(7)(a) gives the employer the right to conduct drug testing immediately after the accident. A positive test on such an occasion provides an employer with the presumption of intoxication. Claimant argues that, because the test was not conducted immediately after the injury, he cannot forfeit his right to benefits for intoxication. We disagree. The immediacy of the test is an essential element for the presumption of intoxication. Fisher v. Westbank Roofing, 95-964 (La.App. 5 Cir. 2/27/96), 670 So.2d 1328, writ denied, 96-0809 (La.5/10/96), 672 So.2d 926. Although the employer may not use the test to assert the presumption of intoxication and shift the burden to the claimant to disprove that he was intoxicated at the time of the accident, the results of the drug screening are admissible into evidence and can be used along with other evidence to show the claimant was intoxicated at the time of the accident. In the instant case, the trial court was aware of the timing of the report of the accident and the drug testing. Further, the court considered misrepresentations made by claimant concerning his medical history.
LSA-R.S. 23:1208 provides that:
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of the Chapter, either for himself or for any other person, to willfully make a false statement or representation.
. . . . .
E. Any employee violating this Section shall, upon determination by workers' compensation judge[1], forfeit any right to compensation benefits under this Chapter.
*265 In brief to this Court claimant argues that any misrepresentations made to the employer were not made for the purpose of obtaining worker's compensation benefits and, therefore, should not work as a forfeiture of benefits.
At trial, claimant continually denied having previously injured his lower back, despite medical evidence to the contrary. The language of R.S. 23:1208 makes it clearly applicable to any willful false statement or representations, including those regarding prior injuries. Resweber v. Haroil Const. Co., 94-2708 (La.9/5/95), 660 So.2d 7. In the instant case credibility of the witnesses, which is within the purview of the trier of fact, is controlling. It is clear from the trial court's ruling that the court did not find claimant's testimony credible. Given the evidence presented in this case, we cannot say the workers' compensation court abused its discretion in this matter. See; Rivera v. West Jefferson Medical Center, 96-152, 96-153 (La.App. 5 Cir. 7/30/96), 678 So.2d 602.
AFFIRMED.
GAUDIN and CANNELLA, JJ., dissent with reasons.
GAUDIN and CANNELLA, Judges, dissenting with reasons.
We respectfully dissent.
Bernard Reuben was denied workers' compensation benefits because (1) he tested positive for drugs after reporting the incident to his employer and (2) he willfully made false statements to the physicians treating him in order to qualify for benefits.
Reuben, a 45-year-old Navy veteran who had never before filed a workers' compensation claim, testified that he injured his lower back on December 27, 1994 while lifting a heavy desk. There seems little doubt, from the record, that Reuben was hurt on the job and that his employer knew of the injury.
In her assigned "Reasons for Judgment," the trial judge stated:
"Claimant was injured while in the course and arising out of his employment with defendant and is entitled to compensation benefits. However, claimant made willful misrepresentations and/or false statements for the purpose of obtaining benefits. Claimant also tested positive for both cannabinoids and cocaine metabolite when tested immediately upon reporting the injury to his employer. The fact that claimant was not tested until several days after the actual incident was a circumstance fully in the control of claimant. To allow claimant to "dodge the bullet" of an intoxication defense by delaying reporting an incident would negate the intent and impact of LSA-R.S. 23:1081.
"Claimant forfeited his entitlement to workers' compensation benefits under LSA-R.S. 23:1208 and LSA-R.S. 23:1081 by his willful misrepresentations to the treating physicians and at trial, as well as by testing positive for cannabinoids and cocaine metabolite."
There was no evidence about Reuben being under the influence of drugs or intoxicants at any time during his employment; in fact, testimony showed the contrary, particularly on December 27, 1994.
Reuben did test positive for drugs on January 3, 1995, but this was approximately a week after the accident. This was, Reuben said, the first time he had ever tested positive. In any event, while the January 3rd testing might possibly justify Reuben's termination, it can't be applied retroactively to deny compensation benefits.
Reuben was previously injured, in an automobile accident in 1991. He was treated by a chiropractor, Dr. Gregory Volek, for four months for a lumbosacral strain, according to Dr. Volek's records. Reuben said he was treated for a shoulder injury.
In order for a false statement or misrepresentation to warrant a forfeiture of workers' compensation benefits, the claimant must make those misrepresentations willfully with the purpose of obtaining workers' compensation benefits in order to trigger the forfeiture provisions of LSAR.S.3 23:1208. See Resweber v. Haroil Construction Co., 660 So.2d 7 (La.1995). If the claimant does not willfully make false statements to obtain benefits, then his claim cannot be forfeited. In his answer to interrogatories and requests for *266 production of documents, Reuben stated that he had been treated for a pinched nerve in the shoulder and whiplash. It is obvious that he did not attempt to hide the fact that he had been in a prior automobile accident because he revealed the name of his former treating physician.
If Reuben willfully made any false statements or omissions about the 1991 injury, it does not appear they were made for the purposes of obtaining compensation. Clearly he was hurt on December 27, 1994; medical testimony establishes this fact.
We would set aside the judgment denying compensation and remand to the trial court to determine which benefits are due Reuben and to decide if attorney fees and penalties are applicable.
NOTES
[1] At the time of the of the misrepresentations this section of the statute referred to "hearing officer" rather than "workers' compensation judge".