JzSCHOTT, Chief Judge.
A worker’s compensation judge dismissed plaintiffs claim pursuant to LSA R.S. 23:1208(E) upon finding that plaintiff willfully made a false statement or representation during the hearing on her claims. The principal issue is whether the record supports the judge’s conclusion that plaintiffs misrepresentations were willful. We affirm.
Plaintiff was working for the defendant, Lakeland Medical Center, on February 21, 1995, when she reported having injured her wrist while in the course of her employment as an x-ray technician. Dr. Stephen Tuuri, a primary care physician at Tulane Medical Center examined plaintiffs wrist and diagnosed her as having right wrist sprain and possible fracture. Dr. Tuuri applied a wrist splint, told plaintiff to rest the wrist and released her to restricted duty on February 24, 1995. After working for several weeks she received benefits for temporary total disability in the amount of $309.61, based upon an average weekly wage of $464.40, from April 8, 19.95 through May 26, 1995. In .the meantime, she saw Dr. James Butler, an orthopedic surgeon, on March 29, April 26, and May 19, 1995, complaining of pain and numbness in her right and left hands and wrists. On May 19, 1995, Dr. Butler released plaintiff to return to light duty work on a sedentary basis and recommended occupational therapy. At plaintiffs request, Dr. John Watermeier examined her and 13released her to light duty work as of June 27, 1995. She returned to light duty for two weeks but then left, maintaining that the work she was assigned caused her pain.
Plaintiff filed a claim for worker’s compensation benefits on February 8,1996, contending she was temporarily totally disabled pursuant to R.S. 23:1221 et seq. She sought past compensation and medical expenses for surgery, claiming it was necessary.
At trial, plaintiff testified that she had not worked or even applied for any jobs since June 1995. As part of her rebuttal testimony, she called Tracy Vasquez to testify regarding the limited availability of light duty work for an x-ray technician. On cross-examination, Vasquez testified that for the past year she had paid plaintiff seventy ($70.00) dollars per week for providing after school care for her (Vasquez’s) children.
In rendering judgment, the workers’ compensation judge found that plaintiff had forfeited all rights to worker’s compensation benefits because she violated R.S. 23:1208. In her reasons for judgment, the judge stated that R.S. 23:1208 was applicable because plaintiff failed to disclose that she was working as a sitter earning $70.00 per week, despite having been asked several times .during questioning whether she was working.
R.S. 23:1208 provides in part:
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any *543 benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
‡ ‡ ‡ ” ‡ ‡
E. Any employee violating this Section shall, upon determination by hearing officer, forfeit any right to compensation benefits under this Chapter.
|4In this court plaintiff first argues that the worker’s compensation judge committed manifest error in finding that her statements at trial were willful misrepresentations.
Asked about her employment status after she left the hospital, she testified that she did not work for anyone. She stated that she did volunteer work at her children’s school, but emphasized that it was strictly voluntary and she received no compensation. She further testified that she neither looked for any work nor applied for any jobs since she left the hospital. At the end of the trial, her own rebuttal witness testified that at the time of the trial she was paying plaintiff $70 per week to care for her children everyday between 3:30 and 4:15 in the afternoon and this had been going on for the entire year before the trial.
In her appellate brief plaintiff does not dispute that she made the statement, but she contends that she considered the question about any work since she left the hospital to mean work related to her profession as an x-ray technician or to mean work in the sense of “gainful employment.” Therefore, she maintains she did not have the intent to lie about whether or not she was working.
Plaintiff is an educated person. She has six to eight years of college education and earned an Associate Degree. Her testimony as a whole demonstrates that she had no difficulty understanding the questions put to her. On cross examination she was questioned extensively about her ability to do light work and whether she had looked for light work. In this context she was asked whether she had looked for or applied “anywhere for any type of work” to which she replied, “No.” She was later asked, “what kind of activities have you been doing in the last few months? You’re still not working, anywhere, right?” She stated she was not when in fact she was working and earning $70 for just a few hours each week.
On a number of occasions during plaintiffs testimony the judge asked questions. The judge had the Opportunity to observe plaintiff at close hand and wasjsin a unique position to conclude that plaintiff was intentionally concealing the fact that she had the ability to do some work and was in fact gainfully employed and that there was willful misrepresentation.
Plaintiff cites three cases for the position that the false statements must be willful to forfeit benefits. In the first one, Fisher v. Westbank Roofing, 95-964 (La.App. 5 Cir. 2/27/96), 670 So.2d 1328, writ denied, 96-0809 (La.5/10/96), 672 So.2d 926, the plaintiff had made false statements to his doctor and in deposition testimony regarding his use of marijuana prior to his accident. The plaintiff also made statements at his trial, which clearly contradicted his deposition testimony and the trial testimony of other witnesses. The workers’ compensation judge found that the evidence and testimony failed to establish any drug use by the defendant on the day of his accident, and therefore he was entitled to benefits. On appeal, the employer argued that plaintiff had made false statements regarding his claim and therefore he had forfeited his right to benefits under R.S. 23:1208. The court of appeal affirmed, finding no manifest error in the decision, explaining it was a credibility call by the trier of fact. Thus, Fisher does not support plaintiffs argument in this case. Applying that reasoning to the instant case, the workers’ compensation judge’s decision should be affirmed because it was not manifestly erroneous and was based upon a credibility call.
In the second case cited by plaintiff, Sumner v. Lake Charles Marine, 96-280 (La.App. 3d Cir. 6/5/96), 676 So.2d 653, writ denied, 96-1772 (La.10/11/96), 680 So.2d 645, shortly after an accident on the job, the claimant gave a recorded statement describing the accident and reporting that he had previously sustained two back injuries, one as a teenager, the . other in a work related accident. Two years later, during a deposition, he gave *544 a different version of how the accident occurred and he denied the prior injuries. At trial, claimant testified in accordance with his recorded statement, attributing his deposition testimony to errors in recollection. The workers’ |6compensation judge disqualified him from receiving benefits based on a violation of R.S. 23:1208. The court" of appeal reversed finding the, misrepresentations were not willful, nor were they made for the purposes of obtaining benefits. The court reasoned that he had initially given accurate information and had reported his prior injuries to his treating physician and the insurance adjuster. In addition, because he had fully recovered from those injuries, the court concluded they did not impact his right to benefits. The court further reasoned that claimant had spent two years, in severe pain and depression between the .time he gave the recorded statement and the deposition testimony, and this more than likely affected his recollection of events. This case is clearly distinguishable from the instant case where plaintiff, on the witness stand, flatly denied being engaged in any type of work, when in fact she was.
In the third case cited by plaintiff, Clark v. Bobby L. Clark Trucking, 28405 (La.App. 2 Cir. 6/26/96), 679 So.2d 157, the false statements had to do with the amount of claimant’s pre-injury wages. The court found the claimant should not be disqualified from receiving benefits because the questionable statements made by him and his wife resulted from inadvertent miscalculations. In the present case, plaintiffs false statements were not inadvertent.
Plaintiff claims to have a temporary and total disability as a result of a work place accident. Temporary and total disability under the worker’s compensation statute means a claimant cannot perform any kind of work for wages. Nonetheless, Ms. Vasquez testified at trial that she was paying plaintiff $70.00 per week for after school care and had been doing so for a year. This provided the workers’ compensation judge with a reasonable basis to find that plaintiff willfully made false statements for the purpose of obtaining benefits. Consequently, the judge did not err in. ordering forfeiture of appellant’s benefits pursuant to R.S. 23:1208 and in dismissing her claim.
17As an alternative argument, plaintiff argues R.S. 23:1208 is facially unconstitutional because it violates the equal protection clauses of both the U.S. and Louisiana Constitutions. She argues that Section E of the statute creates a penalty in the form of forfeiture of benefits by an employee who makes a misrepresentation but the statute provides no similar sanction penalty for an employer who violates the statute. She further argues it creates an undue burden and disparate treatment of the employee, while providing no safeguard against employer’s misconduct, which might defeat a legitimate compensation claim. In Sumrall v. Luhr Bros., 95-0779 (La.App. 1 Cir. 12/15/95), 665 So.2d 796, writ denied, 96-0187 (La.3/15/96), 669 So.2d 425, the identical argument was made and found to be without merit.
Accordingly, the judgment appealed from is affirmed.

AFFIRMED.