862 So.2d 476 (2003)
Carl A. PRITCHARD, Plaintiff-Appellee,
v.
AMERICAN FREIGHTWAYS CORP., et al, Defendant-Appellant.
No. 37,962-CA.
Court of Appeal of Louisiana, Second Circuit.
December 10, 2003.
*477 Galloway, Johnson, Tompkins, Burr & Smith, By: John E. Galloway, New Orleans, Kimberly G. Anderson, for Appellant.
Sentell Law Firm, L.L.C., By: C. Sherburne Sentell, III, Minden, for Appellee.
Paul Kitchens, Minden, for Intervenor Mister Twister, L.L.C.
Musa Rahman, Baton Rouge, for Intervenor LWCC.
Before WILLIAMS, MOORE and LOLLEY, JJ.
MOORE, J.
This is an appeal from a partial summary judgment granted in favor of the plaintiff, Carl A. Pritchard, and against the defendants, American Freightways, Inc. (now FedEx Freight East, Inc.) et al. The trial court held that the defendants alone were responsible for the accident that caused the plaintiff's injuries. We affirm.

FACTS
On April 5, 2000, the plaintiff was injured when he leaped from a forklift he was operating inside the trailer portion of a tractor-trailer rig owned by American Freightways, Inc. The rig was parked at the loading dock of Mister Twister of Minden, Louisiana, plaintiff's place of employment. As plaintiff was operating the forklift, the trailer began to roll away from the loading dock, and the forklift proceeded to roll out of the back end of the trailer. The forklift fell between the trailer and the dock. Plaintiff's injuries were sustained when he leaped off the forklift out of the trailer and hit the concrete.
The driver of the American Freightways tractor-trailer rig, Wayne Harris, was present during the incident. He admitted in his deposition that he was rushing, and he inadvertently failed to lock the air brakes on the tractor-trailer rig. He was on the back of the trailer when it began to roll and travel away from the dock. He jumped off the trailer and ran to catch it.
After initiating the instant suit, plaintiff filed a motion for a partial summary judgment on the issue of liability alone. Plaintiff contends that defendants were solely at fault due to Wayne Harris's failure to lock the brakes on the trailer, which allowed it to start rolling away from the dock and resulted in the accident. In support of his motion, plaintiff submitted Wayne Harris's deposition wherein he admitted that he failed to set the brakes on the rig. Plaintiff also submitted his own affidavit.
Defendants opposed the motion contending that there remained issues of material fact regarding causation. Specifically, they argued that the conflicting deposition testimony of Harris and Pritchard generated disputed factual issues regarding the cause of the accident, namely: that Wayne Harris testified that the plaintiff drove the forklift into the trailer too fast; that there was a conflict between plaintiff's testimony that Harris told him he had asked the company to fix the brakes because they were not working and Harris's deposition testimony; that there is a factual dispute over who set the chock under the wheel and if it was properly set; that there is a factual dispute whether the plaintiff was driving the forklift into the trailer or backing the forklift out of the trailer when it started moving; and, finally that there is a dispute regarding whether Mister Twister *478 implemented procedures for loading and unloading trailers.
The trial court granted the motion without written reasons. However, the court ruled on the motion after oral argument and gave oral reasons for judgment. Regarding the alleged factual issues, the court noted that, had Harris locked the brakes, which he admitted he should have done, the tractor-trailer rig would not have began rolling away from the dock, irrespective of the other issues raised by defendant. Accordingly, the court found that defendants were 100% at fault and granted judgment for the plaintiff.
Defendants filed this appeal alleging that the trial court erred in granting the plaintiff's motion for partial summary judgment in light of the conflicting testimony. Defendants also argue that the trial court erroneously made credibility determinations of material issues of fact in deciding the motion for summary judgment.
Plaintiff contends that the issues raised by the defendants do not constitute "material facts" that would affect the outcome of the case.

DISCUSSION
A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966 B. Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of all except certain disallowed actions; the procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966 A(2); Magnon v. Collins, 98-2822 (La.07/07/99), 739 So.2d 191.
On a motion for summary judgment, a trial court must initially determine whether the moving party's documents resolve all material factual issues. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.07/05/94); 639 So.2d 730. "To satisfy this burden, the mover must meet a strict standard of showing that it is quite clear as to what is the truth and that there has been excluded any real doubt as to the existence of a genuine issue of material fact." Id. at 752. In considering whether a genuine issue exists, courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. Brittain v. Family Care Services, Inc., 34,787 (La.App. 2 Cir. 06/20/01), 801 So.2d 457. Appellate review of a grant or denial of summary judgment is de novo. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181 (La.02/29/00), 755 So.2d 226.
A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. Penalber v. Blount, 550 So.2d 577, 583 (La.1989). "[F]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." South Louisiana Bank v. Williams, 591 So.2d 375, 377 (La.App. 3 Cir.1991), writs denied, 596 So.2d 211 (La.1992). Simply put, a "material" fact is one that would matter on the trial on the merits. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits. Sassone v. Elder, 626 So.2d 345, 352 (La. 1993).
Louisiana applies a duty-risk analysis to determine whether liability exists under the particular facts presented. The plaintiff must prove that the conduct in question was the cause-in-fact of the *479 resulting harm, the defendant owed a duty of care to the plaintiff, the requisite duty was breached by the defendant and the risk of harm was within the scope of the protection afforded by the duty breached. Posecai v. Wal-Mart Stores, Inc., XXXX-XXXX (La.11/30/99), 752 So.2d 762; Syrie v. Schilhab, 96-1027 (La.05/20/97), 693 So.2d 1173. The threshold issue is, of course, the existence of a duty. Posecai supra, and citations therein. Whether a duty is owed is a question of law. Peterson v. Gibraltar Sav. & Loan, 98-1601 (La.05/18/99), 733 So.2d 1198.
Plaintiff's motion is based solely on the allegation that the defendants are 100% liable for the accident based upon Wayne Harris's breach of his duty to lock the air brakes of the tractor-trailer rig. Defendants oppose the motion on grounds that Harris's failure to lock the brakes was not the cause, or, in any event, not the sole cause of the accident, and that there are material issues of fact precluding a finding that Harris's failure to lock the brakes caused the accident.
Defendants argue essentially the same points they raised in opposition to the motion at district court. They contend that a question of the cause of the accident is raised by Pritchard's statement that he set a chock behind the wheel and it came loose, and whether the accident was caused by Mister Twister's failure to implement a policy of loading and unloading trailers.
After reviewing the papers submitted in support of and against the motion for partial summary judgment, we find that the arguments and supporting documents submitted by defendants are not sufficient to defeat the plaintiff's motion. Defendants arguments that these papers show there are causal questions regarding the accident and that the trial court must have made credibility determinations to rule on the motion are insufficient to generate a material issue regarding fault. As noted by the trial court, irrespective of who placed a chock under the wheel, or how fast the plaintiff was operating the forklift, or whether Mr. Twister implemented a policy regarding loading or unloading trailers, this accident would not have occurred if Wayne Harris had not failed to lock the brakes of the tractor-trailer rig. Since Harris admitted that he failed to lock the brakes, there was no credibility determination on this point.
In any accident, there are numerous contributing events converging in the chain of causation. Some causes are the result of human agency, while others are the result of mere chance, such as a pedestrian who just happens to be walking across an intersection when a non-attentive motorist runs a stop sign. Not every cause-in-fact is a proximate or legal cause of an accident. Stated another way, causation and fault, the latter being a legal determination of responsibility, are not identical. Imposing responsibility for one or more of the causes in an accident involves a policy decision in our law generally based upon a determination of who was in the best position to avoid the accident. This policy has traditionally been guided by the so-called "reasonable man" standard.
In this case, Wayne Harris was in the best position to avoid the accident. Locking the brakes on the tractor-trailer rig would have prevented the accident, and a reasonably prudent operator would have locked the brakes of the rig. Harris's breach of this duty was a cause-in-fact of the accident. The trial court in this case did not err when it concluded: "No reasonable people could come to any conclusion other than the operator of the tractor-trailer rig was 100% at fault and no one else was at fault."
*480 CONCLUSION
For the foregoing reasons, the judgment of the trial court granting the plaintiff's motion for partial summary judgment on the issue of liability is affirmed. Costs of this appeal are charged to the defendants.
AFFIRMED.