# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 05-1010


**CONNIE HITCHCOCK**

**VERSUS**

**HERITAGE MANOR NURSING HOME**


**\*\*\*\*\*\*\*\*\*\***
APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION
DISTRICT 4, NO. 97-04797
HONORABLE SHARON MORROW,
WORKERS' COMPENSATION JUDGE
**\*\*\*\*\*\*\*\*\*\***


**J. DAVID PAINTER**
**JUDGE**


**\*\*\*\*\*\*\*\*\*\***

Court composed of Jimmie C. Peters, J. David Painter, and James T. Genovese, Judges.

**REVERSED AND REMANDED.**


**Michael B. Miller**
**P.O. Drawer 1630**
**Crowley, LA 70527**
**Counsel for Plaintiff-Appellant:**
  **Connie Hitchcock**

**Janice Unland**
**5100 Village Walk, Suite 300**
**Covington, LA 70433**
**Counsel for Defendant-Appellee**
  **Heritage Manor Nursing Home**

**PAINTER, Judge.**

The Claimant, Connie Hitchcock, appeals the Workers' Compensation Judge's ("WCJ") decision to dismiss her disputed claim for compensation pursuant to the employer's motion for summary judgment. The court found that no question of fact remained but that Hitchcock violated the provisions of La.R.S. 23:1208 by misrepresenting her condition to obtain workers' compensation benefits. After reviewing the record herein, we reverse the dismissal of Hitchcock's claim and remand the matter to the WCJ for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Hitchcock was employed by Heritage Manor Nursing Home ("HMNH") as a nurse's aide. She alleges that, on July 5, 1994, she was involved in an on the job accident which resulted in serious injury to her back. In an amended answer to the claim, HMNH raised the defense of fraud, alleging that Hitchcock violated La.R.S. 23:1208. HMNH filed a motion for summary judgment requesting that Hitchcock's claim be dismissed based on its allegation that no material issue of fact remained but that Hitchcock had violated La.R.S. 23:1208 by providing "false testimony regarding accidents and injuries both prior to and subsequent to the alleged workers' compensation accident made the basis of this claim." The trial court granted the motion, and this appeal followed.

## DISCUSSION

Constitutionality of La.R.S. 23:1208(E) and Jurisdiction

Hitchcock first asserts that, pursuant to a judgment of the Twenty-First Judicial District Court in a case entitled *In re: Joseph Melancon, III*, the WJC was prohibited from hearing, trying, or adjudicating claims under La.R.S. 23:1208(E). The district

1

court in that matter apparently found the statute unconstitutional as violating equal protection guarantees and found that the Office of Workers' Compensation is without subject matter jurisdiction to hear claims under the statute based on its conclusion that the statute "is delicutual in nature and implicates criminal law considerations." However, we know of no authority, and Plaintiff cites none, which would require this court or the WCJ to defer to a district court judgment of another jurisdiction in a completely different and unrelated matter which is, moreover, apparently awaiting review by the Louisiana Supreme Court. We further note that this court sitting *en banc* in *Lanthier v. Family Dollar Store*, 02-429 (La.App. 3 Cir. 1/8/03), 848 So.2d 605, has found that the Office of Workers' Compensation does have subject matter jurisdiction to hear claims under La.R.S. 23:1208. Additionally, other appellate courts have rejected similar arguments with regard to La.R.S. 23:1208. *See e.g. Wood v. Brian Harris Autoplex*, 04-1316 (La.App. 1 Cir. 8/3/05), ___ So.2d ___ and cases discussed therein; *Bishop v. Lakeland Medical Center*, 97-2849 (La.App. 4 Cir. 6/3/98), 715 So.2d 541. We see no reason to give greater deference to a district court judgment than to the opinions of the appellate courts of this state.[1]

Therefore, we will not consider this argument.

Motion for Summary Judgment

Hitchcock additionally asserts that the trial court erred in granting HMNH's motion for summary judgment because her testimony raises a question as to whether

---

[1] The constitutionality of the statute is not before this court. This appeal originated with the Office of Workers' Compensation. The OWC is without jurisdiction to determine the constitutionality of a statute. *Albe v. Louisiana Workers' Compensation Corp.*, 97-581 (La. 10/21/97), 700 So.2d 824. Hitchcock previously attempted to have the statute declared unconstitutional in a proceeding in the Fifteenth Judicial District Court for the Parish of Vermilion. The district court found the suit to be premature. This court in *Hitchcock v. State*, 04-1597 (La.App. 3 Cir. 4/27/05), 901 So.2d 613, affirmed the trial court finding that the issue of constitutionality was not ripe for adjudication because the WCJ had not, at that time, found Hitchcock to be in violation of La.R.S. 23:1208, and, consequently, she had not been adversely affected by the statute.

2

the misrepresentations, if any, were intentional.

Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. *Potter v. First Federal Savings & Loan Ass'n*, 615 So.2d 318 (La.1993). A motion for summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there exists no genuine issue as to any material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ. P. art. 966; *Haywood v. Louisiana Sugar Cane Products*, 96-1151 (La.App. 3 Cir. 3/5/97); 692 So.2d 524.

Summary judgment is appropriate when all relevant facts are brought before the court, the relevant facts are undisputed, and the sole remaining issue relates to the legal conclusion to be drawn from the facts. Facts are material if they determine the outcome of the legal dispute. The determination of the materiality of a particular fact must be made in light of the relevant substantive law. *Rener v. State Farm Mut. Auto Ins. Co.*, 99-1703, (La.App. 3 Cir. 4/5/00); 759 So.2d 214.

*Weingartner v. Louisiana IceGators*, 02-1181, pp. 1-2 (La.App. 3 Cir. 4/17/03), 854

So.2d 898, 899, *writ denied*, 03-1388 (La. 9/13/03), 853 So.2d 645.

La.R.S. 23:1208 states, in pertinent part, as follows:

A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.

B. It shall be unlawful for any person, whether present or absent, directly or indirectly, to aid and abet an employer or claimant, or directly or indirectly, counsel an employer or claimant to willfully make a false statement or representation.

. . . .

E. Any employee violating this Section shall, upon determination by workers' compensation judge, forfeit any right to compensation benefits under this Chapter.

In this motion for summary judgment, the burden is on HMNH to show that

Hitchcock violated La.R.S. 23:1208 by willfully making one or more false statements

for the purpose of obtaining workers' compensation benefits. *Weingartner*, 854

3

So.2d 898. Additionally, a determination of whether a party has violated La.R.S. 23:1208 turns on an evaluation of the party's motive or intent in making the contested representations.

> Summary judgment is seldom appropriate for determinations based on subjective facts, such as motive, intent, good faith, knowledge and malice. *Penalber* [*v. Blount*], 550 So.2d [577 (La.1989)]. As we put it in *Penalber*, summary judgment "is *rarely* appropriate for a determination based on subjective facts." 550 So.2d at 583 (emphasis supplied).

*Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 23 (La. 7/5/94), 639 So.2d 730, 751 (footnote omitted).

HMNH alleges that Hitchcock made numerous misrepresentations as to previous injuries and her pre-accident physical condition in depositions and that surveillance videos show that she was able to perform tasks which she previously denied being able to perform. Hitchcock, in the affidavit submitted in opposition to HMNH's motion for summary judgment, stated that:

> [I]f there were any inconsistencies in any statements she made, the statements were not intentional she may have misunderstood the question; that she does not have a high school diploma and she was on substantial medication and in pain as a result of her injuries; she also stated that her memory is not very good;
>
> That she was not having neck or back problems prior to her accident on July 5, 1994, and that she had a serious injury and she had no reason to deceive defendant in order to obtain benefits;
>
> That she has recently undergone both cervical and lumbar surgeries resulting from her July 5, 1994 accident.

We note that while the video surveillance tapes show Hitchcock doing tasks which she stated she was unable to do, they also show occasions on which Hitchcock appears to be in pain and unable to function normally.

**In considering whether a genuine issue exists, courts cannot consider the merits, make credibility determinations, evaluate**

4

**testimony or weigh evidence.**

> *Pritchard v. American Freightways Corp.*, 37,962, pp. 3-4 (La.App. 2 Cir. 12/10/03), 862 So.2d 476, 478 (emphasis added) (citations omitted). If in evaluating the evidence, the court considered the merits, made credibility determinations, evaluated testimony, or weighed evidence, summary judgment must be reversed.

*Strickland v. Doyle*, 05-11, p. 4 (La.App. 3 Cir. 4/6/05), 899 So.2d 849, 852, *writ denied*, 05-1001 (La. 6/3/05), 903 So.2d 466.

The WCJ stated in her oral reasons for judgment that Hitchcock made deliberate misrepresentations about her injuries in order to bolster her workers' compensation claim. The WCJ also stated that: "[I]n this kind of case it gets beyond just a straight or strict credibility call. There are some cases where I feel that I need to see the witness to judge the credibility. But, you know, it's sufficiently documented here that Ms. Hitchcock - - it's more than puffery or exaggeration."

In light of the contradictory evidence of record and the WCJ's credibility evaluation with regard to Hitchcock's motive or intent, we find that summary judgment is not appropriate herein. A material issue of fact remains as to whether Hitchcock made willful misrepresentations to obtain benefits.

CONCLUSION

For these reasons, the judgment of the WCJ granting HMNH's motion for summary judgment is reversed. This matter is remanded for further proceedings. Costs of this appeal are assessed to the Defendant-Appellee, HMNH.

REVERSED AND REMANDED.