# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 13-670

**RICHARD YOUNG**

**VERSUS**

**SUPPLIER SERVICES, LLC**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION – DISTRICT 3
PARISH OF CALCASIEU, NO. 12-03595
SAM L. LOWERY, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

## J. DAVID PAINTER
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, J. David Painter, James T. Genovese, and Phyllis M. Keaty, Judges.

**REVERSED IN PART AND
AFFIRMED IN PART.**

Thibodeaux, Chief Judge, dissents in part and assigns written reasons.
Amy, J., concurs in part, dissents in part, and assigns written reasons.

**Jeffrey Martin Cole**
**Plauché, Smith & Nieset, LLC**
**P. O. Drawer 1705**
**Lake Charles, LA 70602**
**Telephone: (337) 436-0522**
     **COUNSEL FOR:**
        **Defendant/Appellant - Supplier Services, LLC**

**Gregory Paul Allen Marceaux**
**Marceaux Law Firm**
**2901 Hodges Street**
**Lake Charles, LA 70601**
**Telephone: (337) 310-2233**
     **COUNSEL FOR:**
        **Plaintiff/Appellant - Richard Young**

**PAINTER, Judge.**

The employer in this workers' compensation case, Supplier Services LLC, denied indemnity and medical benefits to the employee, Richard Young, after intoximeter alcohol tests indicated intoxication at the time of the accident. Though the tests failed to comply with workers' compensation statutory requirements and could not be used to establish a presumption of intoxication, the Workers' Compensation Judge (WCJ) admitted them along with other subjective evidence to prove intoxication.

Benefits, penalties, and attorney fees were awarded to Mr. Young after the WCJ rejected the intoxication defense. We reverse the admission of the intoximeter results and the award of penalties and attorney fees; however, we affirm the award of compensation benefits.

## I.

## ISSUES

We shall consider whether the WCJ erred by:

(1)     admitting the intoximeter results into evidence;

(2)     rejecting Supplier Services' intoxication defense; and

(3)     awarding penalties and attorney fees against Supplier Services.

## II.

## FACTS AND PROCEDURAL HISTORY

On March 26, 2012, Mr. Young fractured his ankle while exiting a truck in the course and scope of his employment with Supplier Services. After the incident, Mr. Young was taken to Occupational and Industrial Healthcare to be treated by Dr. Edward Butler. While individuals at the scene of the accident as

well as employees from Dr. Butler's office testified that they smelled alcohol on Mr. Young's breath, he did not display any other physical signs of intoxication. Dr. Butler also administered a physical exam of Mr. Young in which he found no physical signs of intoxication. At Dr. Butler's office, Mr. Young took an alcohol breath test with an intoximeter, which indicated that Mr. Young had an alcohol level of .252. A second breath test administered 17 minutes later showed an alcohol level of .254. However, no confirmation testing occurred. After testing positive for alcohol with the intoximeter, Supplier Services notified Mr. Young that they would not supply any additional medical treatment or workers' compensation benefits.

That same day, Mr. Young went to the emergency room for surgery to repair his ankle. An emergency room nurse performed an initial assessment of Mr. Young and found no signs of intoxication before admitting him. Mr. Young was further assessed by the anesthesiologist who cleared him for surgery after observing no physical impairments.

Mr. Young filed suit for workers' compensation benefits. He filed a motion in limine to deny the admission of the intoximeter test results, arguing that the results were never verified by gas chromatography as required by the Louisiana Workers' Compensation Act. Thus, such results could not be used as a basis to deny benefits. Supplier Services argued in response that while the intoximeter results may not support a presumption of intoxication, they could, when viewed with the totality of the evidence, lead to the conclusion that Mr. Young was intoxicated.

The WCJ denied the motion in limine and admitted the intoximeter results into evidence, reasoning that while the results were imperfect and could not

2

lead to a presumption of intoxication, they could be considered as part of the totality of the evidence. Despite this admission, the WCJ found in favor of Mr. Young, awarding him indemnity and medical benefits. The court assigned $2,000.00 in penalties against Supplier Services for failure to supply indemnity benefits, $2,000.00 for failure to provide medical treatment, and $2,000.00 for failure to pay medical bills. The WCJ also awarded Mr. Young's counsel $19,888.25 in attorney fees.

III.

## LAW AND DISCUSSION

### Standards of Review

A court's ruling on a motion in limine is an evidentiary matter. Consequently, we shall only disturb such a finding upon an abuse of discretion. *Randall v. Concordia Nursing Home*, 07-101 (La.App. 3 Cir. 8/22/07), 965 So.2d 559, *writ denied*, 07-2153 (La. 1/7/08), 973 So.2d 726.

The WCJ's determination that an employer failed to satisfy the intoxication defense is a factual finding that will not be overturned absent manifest error. *Sweeden v. Hunting Tubular Threading, Inc.*, 01-724 (La.App. 5 Cir. 12/12/01), 806 So.2d 728; *Dean v. Southmark Constr.*, 03-1051 (La. 7/6/04), 879 So.2d 112. In applying this standard of review, we need not determine whether the factfinder was right or wrong. Rather, if the court's findings are reasonable in light of the record, we may not reverse. *Romero v. Northrop-Grumman*, 01-24 (La.App. 3 Cir. 5/30/01), 787 So.2d 1149, *writ denied*, 01-1937 (La. 10/26/01), 799 So.2d 1144. The WCJ's decision to award penalties and attorney fees is another factual finding subject to the manifest error or clearly wrong standard of review. *Warren*

3

*v. Maddox Hauling*, 02-733 (La.App. 3 Cir. 12/4/02), 832 So.2d 1082, *writ denied*, 03-04 (La. 4/21/03), 841 So.2d 791.

### Admission of the Intoximeter Test Results

Supplier Services continues to argue on appeal that the intoximeter results are admissible to prove intoxication. We disagree.

Louisiana Revised Statutes 23:1081(1)(b) states that no workers' compensation shall be provided for an injury caused by the employee's intoxication. To prove intoxication, La.R.S. 23:1081(3) outlines the requisite percent by weight of alcohol in an employee's blood to establish a presumption of intoxication. However, tests showing intoxication levels must be verified by gas chromatography or other comparably reliable method before such tests "may be used as a basis for any disqualification." La.R.S. 23:1081(9)(e).

Here, Mr. Young's intoximeter tests were never verified by confirmation testing. As such, they cannot be used as a basis for disqualification. The pertinent question now becomes whether the improperly-administered tests possess any evidentiary value without serving as a basis of disqualification. We think not. The word "basis" is defined in BLACK'S LAW DICTIONARY as "[a] fundamental principle; an underlying fact or condition." BLACK'S LAW DICTIONARY (9th ed. 2009). Given the innate probative nature of evidence, a factfinder will inevitably consider all evidentiary admissions as underlying facts of varying weights in deciding a case. Since the only probative value of the intoximeter tests is to show whether Mr. Young was intoxicated at the time of the incident, it is impossible to admit these tests without abrogating the statute.

4

Supplier Services argues that while the intoximeter results may not establish a presumption of intoxication, they may be considered under the totality of the circumstances. In support of this argument, it references the fifth circuit's decision in *Reuben v. Tidewater Marine*, 97-527 (La.App. 5 Cir. 5/13/98), 712 So.2d 263, *writ denied*, 98-1486 (La. 9/4/98), 721 So.2d 916, where the court held that a positive drug test that was not administered immediately after an accident as required by statute may be admitted into evidence, but it cannot establish a presumption of intoxication. While we are cognizant of the fifth circuit's opinion, we respectfully disagree.

Louisiana Revised Statutes 23:1081(9)(e) requires confirmation testing before a positive test can be used as a basis for any disqualification. The statute never qualifies the usage of such tests for purposes of presumptions; it explicitly states that such tests may not be used for *any* disqualification. Supplier Services contends that the tests are admissible under La.R.S. 23:1081(6), which allows for "the introduction of any other competent evidence bearing upon the question of whether the employee was under the influence of alcoholic beverages[.]" However, this reasoning is flawed. Given the gravity of denying benefits to injured workers, La.R.S. 23:1081(6) requires that evidence be competent in order to be admitted. Here, without confirmation, there is no way to determine the competency and reliability of the intoximeter test results. Accordingly, we hold that the WCJ abused his discretion by admitting the intoximeter test results into evidence. We exclude consideration of this evidence in our review of the WCJ's rejection of Supplier Services' intoxication defense.

**Validity of Supplier Services' Intoxication Defense**

Supplier Services argues that the trial court erred in rejecting their intoxication defense and awarding workers' compensation benefits. We disagree. There is no evidence in the record that Mr. Young consumed alcohol on the day of the accident. No one observed him drinking, and no one found alcohol in his possession. Furthermore, Mr. Young never exhibited any physical signs of intoxication such as slurred speech or loss of motor skills, and he was even cleared for surgery the same day. While various individuals testified they smelled alcohol on his breath, this subjective fact alone is not enough to deny benefits given Mr. Young did not show any other physical signs of intoxication. *See Beck v. Newt Brown Contractors, L.L.C.*, 46,523 (La.App. 2 Cir. 9/21/11), 72 So.3d 982, *writ denied*, 11-2352 (La. 12/2/11), 76 So.3d 1180 (intoxication defense rejected as there was no evidence of anyone seeing the employee smoke marijuana or show any physical signs of intoxication on the day of the accident). Finally, the fact that Mr. Young has a history of alcohol use does not lead to the conclusion that Mr. Young was intoxicated in this particular instance.

Even if we assume Mr. Young was intoxicated, Louisiana law requires that the employee's intoxication caused the injury in order to deny benefits. La.R.S. 23:1081(1)(b). To prove causation, an employer must present "some evidence other than the mere happening of the accident, such as behavior that would clearly demonstrate the employee's intoxication and resulting impairment or loss of control." *Folse v. Am. Well Control*, 536 So.2d 686, 690 (La.App. 3 Cir. 1988), *writ denied*, 538 So.2d 592 (La.1989). At the very least, the employer must show "that the accident was of a sort that would not ordinarily happen absent intoxication." *Id.* Here, Supplier Services failed to present any

evidence of physical behavior indicating intoxication on the part of Mr. Young. Furthermore, fracturing an ankle by exiting a large truck onto uneven ground is the type of accident that could happen regardless of intoxication. As Supplier Services failed to provide any evidence of causation, we conclude that the WCJ was not manifestly erroneous in denying the intoxication defense and awarding benefits.

## Award of Penalties and Attorney Fees

The WCJ awarded penalties of $2,000.00 for failure to authorize indemnity payments, $2,000.00 for failure to provide medical treatment, and $2,000.00 for failure to pay medical bills. The court also awarded $19,888.25 in attorney fees, reasoning that such fees were reasonable and warranted given Supplier Services' failure to controvert the claim. We disagree.

Louisiana Revised Statutes 23:1201(F)(2) provides that penalties and attorney fees for failure to provide workers' compensation benefits do not apply if the employer reasonably controverts the claim. In determining whether an employer meets this burden, "a court must ascertain whether the employer or his insurer engaged in a nonfrivolous legal dispute or possessed factual and/or medical information to reasonably counter the factual and medical information presented by the claimant throughout the time he refused to pay all or part of the benefits allegedly owed." *Brown v. Texas-LA Cartage, Inc.*, 98-1063, p. 9 (La. 12/1/98), 721 So.2d 885, 890. "Where there is a serious defense presented in good faith, it is inappropriate to assess statutory penalties and attorney's fees.*" Savoy v. Cecil Perry Imp. Co.*, 96-889, p. 15 (La.App. 3 Cir. 2/5/97), 691 So.2d 692, 701 *citing Clifton v. Ditto's Apparel*, 95-1654 (La.App. 3 Cir. 5/8/96), 673 So.2d 1372, *writ denied*, 96-1478 (La.9/20/96), 679 So.2d 437.

In this case, the employer had several lay witnesses who smelled alcohol on Mr. Young's breath. Dr. Butler was of the opinion that Mr. Young's ability to exit his truck would have been impaired by intoxication. Thus, we find that Supplier Services reasonably controverted Mr. Young's claims and that the WCJ was manifestly erroneous in awarding penalties and attorney fees. We, therefore, reverse the award of penalties and attorney fees.

IV.

## CONCLUSION

For the foregoing reasons, we reverse the WCJ's admission of the intoximeter test results and the award of penalties and attorney fees. We affirm the award of compensation benefits. This court has held that "[a] workers' compensation claimant is entitled to an increase in attorney fees to reflect additional time incurred in defending an employer/insurer's unsuccessful appeal." *Nash v. Aecom Technical Corp.*, 07-990, p. 8 (La.App. 3 Cir. 2/6/08), 976 So.2d 263, 268. We award Mr. Young costs and $2,500.00 in attorney fees for defending this appeal.

**REVERSED IN PART AND AFFIRMED IN PART.**

RICHARD YOUNG

VERSUS

SUPPLIER SERVICES, LLC

**THIBODEAUX, Chief Judge, dissenting in part.**

I dissent from the majority's refusal to award penalties and attorney fees.

There are consequences for failing to follow the law in every facet of life. The field of workers' compensation is no different and should not be exempted. The defendant failed to perform confirmation testing as required by La.R.S. 23:1081(9)(e). It relied upon invalid testing. It continued to deny Mr. Young's claim for indemnity benefits even after learning of the failure to do confirmation testing. Despite this clear breach of the law, the majority awards this failure by its refusal to impose penalties and attorney fees. That is error. Indeed, the workers' compensation judge found that "[t]he employer did not reasonably controvert this claim, *nor was there any close legal call here*. The employer simply and clearly did not comply with the law, requiring the claimant to seek redress in court." (Emphasis supplied).

Moreover, not one witness saw any manifestations of alcohol usage. Indeed, the majority concedes that "Mr. Young never exhibited any physical signs of intoxication such as slurred speech or loss of motor skills. . . ." He was even cleared for surgery that same day. Dr. Butler opined that Mr. Young's ability to exit the truck would have been impaired by intoxication. However, Dr. Butler did

not smell alcohol on the plaintiff. His opinion regarding Mr. Young's ability to exit was just that—an opinion—and a purely subjective one.

I would affirm the imposition of penalties and attorney fees and award an additional $4,000.00 on appeal for attorney fees.

For the foregoing reasons, I respectfully dissent.

NUMBER 13-670

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

RICHARD YOUNG

VERSUS

SUPPLIER SERVICES, LLC

AMY, J., concurring in part and dissenting in part.

I join in the majority's affirmation of the workers' compensation judge's award of compensation benefits. However, I do not join in the conclusion that the workers' compensation judge erred in consideration of the intoximeter results. Rather, I think that the workers' compensation judge appropriately considered the results within the totality of the evidence. Simply, I find that the claimant's argument regarding La.R.S. 23:1081(9)(e) is out of focus for this intoxication by alcohol case.

Certainly, La.R.S. 23:1081(1)(b) generally prohibits compensation for an injury caused "by the injured employee's intoxication at the time of the injury[.]" Additionally, La.R.S. 23:1081(3) provides an employer with certain presumptions (according to a scale of percentages by weight of alcohol in the employee's blood) in establishing the intoxication defense of Paragraph (1)(b).

The claimant's argument suggests, and the majority opinion determines, that La.R.S. 23:1081(9)(e) operates to exclude the intoximeter results advanced by the employer in pursuit of its intoxication by alcohol defense. However, reference to that provision indicates no apparent applicability to alcohol intoxication. Instead, Paragraph 9(e) provides:

> (9)    All sample collection and testing for *drugs* under this Chapter shall be performed in accordance with rules and regulations adopted by the director which ensure the following:

. . . .

> (e) Sample testing shall conform to scientifically accepted analytical methods and procedures. Testing shall include verification or confirmation of any positive test result by gas chromatography, gas chromatography-mass spectroscopy, or other comparably reliable analytical method, before the result of any test may be used as a basis for any disqualification pursuant to this Section. Test results which do not exclude the possibility of passive inhalation of marijuana may not be used as a basis for disqualification under this Chapter. However, test results which indicate that the concentration of total urinary cannabinoids as determined by immunoassay equals or exceeds fifty nanograms/ml shall exclude the possibility of passive inhalation.

(Emphasis added.) Overall, La.R.S. 23:1081 refers separately to "drugs" and to "alcohol." Paragraph (9) refers only to "drugs." This distinction in terminology is meaningful in my opinion, and, in this case, precludes the application of La.R.S. 23:1081(9)(e) as a basis for exclusion of the intoximeter results from this intoxication by alcohol defense. Thus, I find the workers' compensation judge's consideration of those results appropriate, although the evidence supports a determination that the employer, in light of all of the evidence, failed to prove the intoxication defense.

Also, I find that the award of penalties and attorney fees must be reversed. Given both the intoximeter results and the eyewitness statements regarding the smell of alcohol, it seems clear to me that the employer reasonably controverted this claim even if it did not ultimately prevail on its defense. I do not find that its pursuit of the defense was unreasonable when, in fact, the evidence of intoxication is still unexplainable on the evidence presented.

Finally, and given the reversal of the penalties and attorney fees, I dissent from the majority opinion's award for attorney fees incurred on appeal. Workers' compensation jurisprudence indicates that "[a]n award for additional attorney fees is generally given when attorney fees were correctly granted on the trial level, for as to deny such a request on appeal would be inconsistent with the underlying judgment." *Bennett v. Pilgrim's Pride*, 07-753, p. 11 (La.App. 3 Cir. 12/12/07),

2

972 So.2d 423, 430, *writ denied*, 08-0103 (La. 3/7/08), 977 So.2d 907. *See also McKelvey v. City of Dequincy*, 07-604, pp. 11-12 (La.App. 3 Cir. 11/14/07), 970 So.2d 682, 690 (wherein a panel of this court explained that "*[a]n increase* in attorney's fees is awarded on appeal when the defendant appeals, obtains no relief, and the appeal has necessitated more work on the part of the plaintiff's attorney, provided the plaintiff requests such an increase")(emphasis added).

In this case, however, the majority reverses the underlying award of penalties and attorney fees upon a specific finding that the employer reasonably controverted this claim. *See* La.R.S. 23:1201(F)(2). In my view, an award of attorney fees for work performed on appeal when no such fees were authorized at the trial level renders the appellate award inconsistent with the underlying judgment, contrary to the proposition cited in *Bennett*, 972 So.2d 423. Here, the employer pursued its right of appellate review of a judgment it was ultimately able to demonstrate was a reasonably controverted claim. I find no statutory basis for an award of appellate attorney fees absent a valid basis for such fees at the trial level. Such an award, in my opinion, essentially undermines an employer's exercise of its right to appeal.

For these reasons, I affirm in part and dissent in part from the majority opinion.