PEATROSS, J.
|! Claimant, Marvin Beck, filed suit in December 2009 against Defendants, Newt Brown Contractor, LLC, and LUBA Casualty Insurance Company (collectively, “Newt”), for failure to pay indemnity benefits and medical bills resulting from a work-related accident in October 2009. After trial of the case in September 2010, the workers’ compensation judge (‘WCJ”) took the matter under advisement. Then, in October 2010, the WCJ ruled in favor of Mr. Beck, awarding temporary total disability (“TTD”) benefits in the amount of $338.77 per week, retroactive to the date of the injury, $54,046.01 for past medical bills and $6,150 for the helicopter transport, plus legal interest on all amounts, with credit for previous amounts paid totaling $3,816.40.
Newt appeals from the WCJ’s ruling in favor of Mr. Beck. For the reasons set forth herein, we affirm.

FACTS

On October 3, 2009, Mr. Beck sustained a work-related injury in an accident while working for Newt. At the time, Newt had undertaken a road building contract job in Grand Cane, DeSoto Parish, Louisiana. While working on the road building job, Mr. Beck operated a water truck. Johnny Boyd, another employee for Newt, operated a piece of large equipment called a “stabilizer,” along with another employee, “his helper,” who helped operate the stabilizer.
On the day of the accident, Mr. Boyd and his helper were preparing to clean the stabilizer when Mr. Beck walked over to them and inquired about some dirt which was covering an open hatch on the front side of the |¡.stabilizer. Mr. Boyd told Mr. Beck not to worry about the dirt. Then, while the stabilizer was still running, Mr. Beck stuck his foot through the open hatch on the front of the machine, presumably to kick off the dirt. The auger blades rotating inside the open hatch caught Mr. Beck’s foot, severing his ankle until his foot was nearly amputated. Mr. Boyd was able to remove Mr. Beck from the stabilizer, avoiding further injury to the rest of Mr. Beck’s leg and body.
Mr. Beck was immediately taken via helicopter transport to LSU Medical Center in Shreveport where he received medical treatment for his injuries. While he was at the trauma unit on the day of the accident, the ER staff asked Mr. Beck if he used “street drugs” and Mr. Beck responded that he did not. Mr. Beck then received a urine drug screen and tested positive for marijuana. The urine drug *984 screen administered to Mr. Beck indicated a positive result for cannabinoids, ie., marijuana, at a level in excess of 50 ng/mL. This level is considered the legal threshold for intoxication due to the ingestion of marijuana and precludes the possibility of passive inhalation. See La. R.S. 23:1081(9). At the time of the accident, Newt had in effect a written “substance abuse policy,” previously signed by Mr. Beck, which prohibited the use of illegal substances by employees.
As previously stated, Mr. Beck ultimately filed a workers’ compensation claim for TTD benefits and medical expenses. Citing the “intoxication defense,” Newt denied Mr. Beck’s claims on the grounds that he had tested positive for marijuana on the day of the accident. The matter went to trial in September 2010; and, after taking the matter under | (¡advisement, the WCJ ruled in favor of Mr. Beck awarding TTD benefits in the amount of $388.77 per week, retroactive to the date of the injury, $54,046.01 for past medical bills and $6,150 for the helicopter transport, plus legal interest on all amounts, with credit for previous amounts paid totaling $3,816.40.
In his written reasons for judgment, the WCJ found that the drug screen administered to Mr. Beck had never been verified or confirmed as required by La. R.S. 23:1081(9). The WCJ further concluded that the evidence did not support a finding that Mr. Beck had been intoxicated on the day of the accident because no one had witnessed him smoking marijuana that day or acting in a strange or impaired manner. The WCJ noted Mr. Beck’s admission that he had smoked marijuana at a party two weeks prior to the day of the accident, but determined that doing so could not have had an effect on Mr. Beck on the date of the accident, when it had been two weeks since he consumed the drug.
After considering this evidence, the WCJ ruled that Newt had failed to meet its burden of proof under La. R.S. 23:1081, thereby failing to prove by a preponderance of the evidence that Mr. Beck was intoxicated at the time of the accident on October 3, 2009.
The WCJ further determined that Mr. Beck’s false statement to the hospital staff that he did not use “street drugs” was immaterial and irrelevant to his claim for benefits because the drug screen would have been administered regardless of how he answered the question. The WCJ held that the statement was, therefore, inconsequential to the case and not of |4sufficient weight to warrant the harsh remedies imposed by La. R.S. 23:1208, i.e., forfeiture of the right to compensation when a fraudulent or false statement is made by a claimant for the purpose of securing benefits or payments under the statute.
Finding that Newt initially had reasonable grounds to controvert Mr. Beck’s claims for compensation, however, the WCJ declined to award penalties and attorney fees against Newt for nonpayment of benefits to Mr. Beck.
This appeal ensued.

DISCUSSION

In its first assignment of error, Newt argues that the WCJ erred in finding that Mr. Beck was entitled to recover full benefits under the Louisiana Workers’ Compensation Act in spite of the evidence of his intoxication at the time of the accident.
In support of this argument, Newt submits that Mr. Beck failed the drug screen administered to him at LSU Medical Center with a positive result exceeding 50 ng/mL, thereby excluding the possibility of passive ■ inhalation. Additionally, Newt points out that Mr. Beck admitted at trial *985 that he smoked marijuana two weeks before the accident. Newt concludes that, since Mr. Beck failed the drug screen, a statutory presumption should apply that he was intoxicated at the time of the accident.
Factual findings in workers’ compensation cases are subject to the manifest error rule. Buxton v. Iowa Police Dept., 09-0520 (La.10/20/09), 28 So.3d 275; Winford v. Conerly Corp., 04-1278 (La.3/11/05), 897 So.2d 560. Whether the claimant has carried his burden of proof and whether the testimony at trial is credible are questions of fact to be determined by the fact finder. Buxton v. Iowa Police Dept., supra; Taylor v. Hollywood Casino, 41,196 (La.App.2d Cir.6/28/06), 935 So.2d 293. Under the manifest error rule, the reviewing court does not decide whether the fact finder was right or wrong, but only whether its findings are reasonable. Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880 (La.1993); Spires v. Raymond Westbrook Logging, 43,690 (La.App.2d Cir.10/22/08), 997 So.2d 175, writ denied, 08-2771 (La.2/20/09), 1 So.3d 495.
In order for the claimant to receive workers’ compensation benefits, he must establish by a preponderance of the evidence, “personal injury by accident arising out of and in the course of his employment.” La. R.S. 23:1031(A); Spires v. Raymond Westbrook Logging, supra. In the case sub judice, it is undisputed that Mr. Beck was injured by an accident during the course of his employment.
Commonly referred to as the “intoxication defense,” La. R.S. 23:1081(l)(b) provides that an employer is not liable for workers’ compensation benefits where an employee, who is working under the influence of drugs or alcohol, is injured and the injury can be attributed to the employee’s intoxication. Spires v. Raymond Westbrook Logging, supra; Deal v. Bancroft Bag, Inc., 28,188 (La.App.2d Cir.4/3/96), 671 So.2d 1264, writ denied, 96-1102 (La.6/7/96), 674 So.2d 977. If there was, at the time of the accident, evidence of either on or off the job use of a Rnonprescribed controlled substance, it shall be presumed that the employee was intoxicated. La. R.S. 23:1081(5); Spires v. Raymond Westbrook Logging, supra.
La. R.S. 23:1081(7)(a) provides that the employer has the right to administer drug and alcohol testing or demand that the employee submit himself to drug and alcohol testing immediately after the alleged job accident. If the employee refuses to submit to a drug and alcohol test immediately after the job accident, it shall be presumed that he was intoxicated at the time of the accident. La. R.S. 23:1081(7)(b). The collection, handling and testing process must be trustworthy. Spires v. Raymond Westbrook Logging, supra; Deal v. Bancroft Bag, Inc., supra. In order to support a finding of intoxication due to drug use, and a presumption of causation due to such intoxication, the employer must prove the employee’s use of the controlled substance by a preponderance of the evidence. La. R.S. 23:1081(8).
La. R.S. 23:1081(9) provides:
All sample collection and testing for drugs under this Chapter shall be performed in accordance with rules and regulations adopted by the director which ensure the following:
(e) Sample testing shall conform to scientifically accepted analytical methods and procedures. Testing shall include verification or confirmation of any positive test result by gas chromatography, gas chromatography-mass spectroscopy, or other comparably reliable analytical method, before the result of any test may be used as a basis for any *986 disqualification pursuant to this Section. Test results which do not exclude the possibility of passive inhalation of marijuana may not be used as a basis for disqualification under this Chapter. However, test results which indicate that the concentration of total urinary cannabinoids as determined by immunoassay equals or exceeds fifty nanograms/ml shall 17exclude the possibility of passive inhalation. (.Emphasis added).
Once the employer has satisfied its burden of proving intoxication at the time of the accident, a presumption of causation due to the intoxication arises. La. R.S. 23:1081(12). The burden of proof is then placed on the employee to prove that the intoxication was not a contributing cause of the accident. Id. If he does so, the intoxication defense of the employer is defeated. La. R.S. 23:1081(12); Johnson v. EnviroBlast, 01-0200 (La.App.1st Cir.12/28/01), 804 So.2d 924.
In the case sub judice, as pointed out by the WCJ in his written reasons for judgment, “there is no evidence that [Mr. Beck’s] drug screen was verified or confirmed by gas chromatography, gas chromatography-mass spectroscopy, or other comparably reliable analytical method.” As stated, La. R.S. 23:1081(9)(e) provides that only confirmed, verified drug tests may be used as a basis for disqualification pursuant to Section 1081. Accordingly, we see no error in the WCJ’s ruling that the unconfirmed, unverified drug test administered to Mr. Beck could not be used to assist Newt in meeting its burden of proof by creating a presumption of intoxication against Mr. Beck. Spires v. Raymond Westbrook Logging, supra.
Additionally, Newt has failed to provide any other reliable evidence that Mr. Beck was intoxicated at the time of the accident. Although Mr. Beck had been at work the entire day, Newt was unable to provide evidence that anyone had seen Mr. Beck smoking marijuana or acting strangely on the day of the accident. While it is true that Mr. Beck ^exhibited extremely poor judgment when he kicked through the open hatch on the front of the stabilizer, his decision to do so is not proof that he was intoxicated at the time of the accident. Mr. Beck admitted during trial that he had smoked marijuana two weeks prior to the accident; however, this admission does not prove that he was intoxicated on the day of the accident. As a result, we find that Newt failed to meet its burden of proving that Mr. Beck was intoxicated when the accident happened on October 3, 2009. La. R.S. 23:1081.[1] Newt’s first assignment of error is without merit.
Newt submits in its second assignment of error that the WCJ erred in declining to rule that Mr. Beck forfeited his right to compensation by making false statements and representations in furtherance of his claim for benefits in violation of La. R.S. 23:1208.
With regard to misrepresentation, La. R.S. 23:1208(A) provides:
It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
La. R.S. 23:1208(E) provides:
Any employee violating this Section shall, upon determination by workers’ *987 compensation judge, forfeit any right to compensation benefits under this Chapter.
The only requirements for a forfeiture of benefits under La. R.S. 23:1208 are: (1) a false statement or representation, (2) willfully made, and (3) made for the purpose of obtaining or defeating any benefit or |9payment. Resweber v. Haroil Const. Co., 94-2708 (La.9/5/95), 660 So.2d 7; Thomas v. Hollywood, Casino, 44,271 (La.App.2d Cir.5/13/09), 13 So.3d 717; Freeman v. Chase, 42,716 (La.App.2d Cir.12/5/07), 974 So.2d 25. Forfeiture is a harsh remedy and must be strictly construed. Wise v. J.E. Merit Constructors, Inc., 97-0684 (La.1/21/98), 707 So.2d 1214; Thomas v. Hollywood Casino, supra; Freeman v. Chase, supra; Risk Management Services v. Ashley, 38,431 (La.App.2d Cir.5/14/04), 873 So.2d 942, writ denied, 04-1481 (La.9/24/04), 882 So.2d 1138. An inadvertent and inconsequential false statement will not result in forfeiture of benefits. Thomas v. Hollywood Casino, supra; Freeman v. Chase, supra; Mitchell v. Brown Builders, Inc., 35,022 (La.App.2d Cir.8/22/01), 793 So.2d 508, writ denied, 01-2649 (La.12/14/01), 804 So.2d 636. Section 1208 does not penalize any false statement, but only those willfully made for the purpose of obtaining benefits. Resweber v. Haroil Const. Co., supra; Thomas v. Hollywood Casino, supra. The WCJ’s finding or denial of forfeiture will not be disturbed on appeal absent manifest error. Thomas v. Hollywood Casino, supra; Freeman v. Chase, supra.
When Mr. Beck was in the emergency room on the day of the accident, he denied having used “street drugs” when questioned by the ER staff. Later, during trial, Mr. Beck admitted that he smoked marijuana two weeks before the accident. Since Mr. Beck would have been administered a drug screen regardless of how he answered the questions from the ER staff, the WCJ found that the false statements were inconsequential to the case |inand, therefore, not of sufficient weight to invoke the harsh remedies imposed by La. R.S. 23:1208.
As previously noted, when Mr. Beck denied having used “street drugs,” he was under the influence of morphine, unable to sign his own signature on the hospital consent forms and still under severe shock and distress from the accident, with his foot in a state of near amputation. In light of these circumstances, we do not consider Mr. Beck’s false statements to be the type contemplated by Section 1208 which would give rise to forfeiture of benefits under the statute. Accordingly, we see no error in the WCJ’s ruling to that effect. Newt’s second assignment of error is, therefore, without merit.

CONCLUSION

For the forgoing reasons, the judgment of the WCJ in favor of Marvin Beck is affirmed. Costs of this appeal are assessed to Newt Brown Contractor, LLC, and LUBA Casualty Insurance Company.
AFFIRMED.

. We are further unpersuaded by Newt's argument that Mr. Beck’s statement that he did not take "street drugs” somehow equates to a refusal to submit to drug and alcohol testing after an accident, thereby creating a statutory presumption of intoxication under La. R.S. 23:108 l(7)(b).