# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-965

STEVE RICHARD

VERSUS

**QUALITY CONSTRUCTION AND PRODUCTION, LLC**
**and ZURICH AMERICAN INSURANCE COMPANY**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 4
PARISH OF VERMILION, NO. 12-08721
SHARON MORROW, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN D. SAUNDERS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and
Phyllis M. Keaty, Judges.

**AFFIRMED.**

**Elizabeth Smyth Rambin**
**Comeaux, Stephens & Grace**
**One Lakeway Center**
**3900 North Causeway Boulevard**
**Suite 1060**
**Metairie, LA  70002**
**(504) 831-3747**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
      **Quality Construction and Production, LLC**
      **Zurich Amercian Insurance Company**

**Jennifer B. Valois**
**Janice H. Barber**
**Barber Law Firm**
**111 Mercury Street**
**Lafayette, LA 70503**
**(337) 232-9893**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
      **Steve Richard**

**SAUNDERS, Judge.**

This is a workers' compensation case wherein a claimant was involved in a one-vehicle accident. The employer raised the defense of intoxication. The WCJ found that the employee was intoxicated at the time of the accident and forfeited his benefits under La.R.S. 23:1081(1)(b), but that the employee was entitled to a penalty and an award for attorney's fees as the employer violated La.R.S. 1081(13) by failing to pay for the claimant's emergency medical expenses. Both paries raise issues on appeal.

## FACTUAL AND PROCEDURAL HISTORY:

Claimant, Steve Richard, Jr. (Richard) was employed by Quality Construction and Production, LLC (Quality) as a pipeline technician. Richard worked at a secluded oil field job site in North Dakota. On August 9, 2012, Richard was involved in a one-vehicle accident while allegedly in the course and scope of his employment.

Questions arose as to whether Richard was intoxicated and whether that intoxication caused the injuries he sustained in the accident. As such, Richard filed a 1008 disputed claim for compensation. Thereafter, the matter proceeded to a trial on the merits. The workers' compensation judge (WCJ) ruled that Richard was intoxicated at the time of the accident. Thus, the WCJ found in favor of Quality in that Richard forfeited workers' compensation benefits pursuant to La.R.S. 23:1081(5), intoxication by use of a nonprescribed controlled substance. The WCJ's judgment also awarded Richard reimbursement for emergency medical expenses under La.R.S. 23:1081(13), a penalty of $2,000 for Quality's failure to pay Richard's emergency medical expenses, and attorney's fees.

Richard appeals this judgment, alleging four assignments of error. Quality answers the appeal and raises some ancillary matters.

## ASSIGNMENTS OF ERROR:

1.    The trial court was manifestly erroneous and clearly wrong in entering judgment in favor of the employer/insurer based on the affirmative defense of La. R.S. 23:1081(5) intoxication by prescription drug use; a defense that Appellees never pled and that was not listed as an issue to be litigated in Appellees Pre-Trial Statement; La. C.C.P. Art. 1005 requires all affirmative defenses to be pled and the workers' compensation Hearing Rules, L.A.C. 40: Chapter 62, Subchapter A § 6201 states that: "Only those issues listed in the pretrial statements shall be litigated at trial. No new issues shall be raised except by written order of the judge for good cause or upon mutual agreement of the parties."

2.    The trial court was manifestly erroneous in denying Richard's workers' compensation benefits based upon incompetent evidence of the presence of fentanyl in Richard's urine, in the form of an unconfirmed drug test in violation of La. R.S. 23:1081(9)(e).

3.    The trial court committed manifest error in relying upon statements made by Richard after he received IV fentanyl administered by emergency responders; Richard suffered paralysis in the accident and was in severe pain, comments made immediately after the accident do not rise to the level of competent evidence.

4.    The trial court abused its discretion in allowing Appellees toxicology expert, Dr. William George, to testify outside the scope of his report on issues not pled, including the presence of fentanyl in Richard's urine, in violation of La. C.C.P. Art. 1425; the trial court committed manifest error and was clearly wrong in relying upon the testimony of Dr. William George, Appellees toxicologist.

## ASSIGNMENT OF ERROR NUMBER ONE:

Richard's first assignment of error is that the WCJ was manifestly erroneous and clearly wrong in entering judgment in favor of the employer/insurer based on the affirmative defense of intoxication by prescription drug use because Quality never pled this defense, it was not listed as an issue to be litigated in the pre-trial statement, and the defense must be pled or in the pre-trial statement to be litigated. We find no merit to this assignment of error.

2

A WCJ is vested with discretion in conducting trials in a manner which he decides is consistent with the fair administration of justice. *Russell v. H & H Metal Contractors, Inc.*, 11-27 (La.App. 3 Cir. 6/1/11), 65 So.3d 806. . . .

Pretrial orders are provided for in La.Code Civ.P. art. 1551 which gives the trial court wide discretion to provide for the pretrial order and insuring that it is enforced. *Russell*, 65 So.3d 806. A trial court has wide discretion in determining whether to modify a pretrial order, but this discretion must be exercised to prevent substantial injustice to the parties who rely on it in the preparation and presentation of their cases. *Id*. One of the reasons for pretrial procedure is the avoidance of surprise. *Id*.

*Rachal v. Wal-Mart Corp.*, 15-97, pp. 8-9 (La.App. 3 Cir. 6/3/15), 165 So.3d 441, 446-47.

In the case before us, Paragraph 11 of Quality's answer states that "pursuant to *LSA R.S. 23:1081 (1)(b) & LSA R.S. 23:1081(3)(c)*, claimant's present complaints are due to his intoxication and that his right to compensation benefits is therefore barred." Louisiana Revised Statutes 23:1081 states, in pertinent part, the following:

(1) No compensation shall be allowed for an injury caused:

. . . .

(b) by the injured employee's intoxication at the time of the injury, unless the employee's intoxication resulted from activities which were in pursuit of the employer's interests or in which the employer procured the intoxicating beverage or substance and encouraged its use during the employee's work hours, or

. . . .

(3) For purposes of proving intoxication, the employer may avail himself of the following presumptions:

. . . .

(c) If there was, at the time of the accident, 0.08 percent or more by weight of alcohol in the employee's blood, it shall be presumed that the employee was intoxicated.

Quality reiterated these defenses in answers to the various supplementations filed by Richard to his original 1008 disputed claim for compensation. Further, Part

II(b) under Quality's pre-trial statement states that an issue to be litigated is, "[w]hether the claimant's claim for benefits is barred based upon LSA-R.S. 23: 1081 (1)(b) and LSA-R.S. 23: 1081 (3)(c)."

Richard asserts that Quality must specifically assert the means of intoxication separately from a general contention of intoxication. We find that this assertion is without merit. Quality plainly pled that Richard's being intoxicated, regardless of how, would be at issue in this trial. The discretion for adherence to a pretrial order is based on prevention of injustice by surprisingly having to litigate an issue while unprepared. Given that Richard's state relative to intoxication was placed squarely at issue, we cannot say it was an abuse of the WCJ's discretion to litigate the defense.

Moreover, Richard did not object to Quality's evidence of Richard's intoxication for failure to raise the affirmative defense or identify the issue in Quality's pretrial statement. "[W]here an affirmative defense has not been pleaded but the opposing party nevertheless fails to object to the introduction of evidence bearing on the affirmative defense and which is not relevant to other issues raised in the pleadings, the pleadings are considered to . . . include the affirmative defense." *Cypress Oilfield Contractors, Inc. v. McGoldrick Oil Co., Inc*., 525 So.2d 1157, 1162 (La.App. 3 Cir.), *writ denied*, 530 So.2d 570 (La.1988).

As such, we fine no merit to this assigned error.

## ASSIGNMENT OF ERROR NUMBER TWO:

Richard contends in his second assignment of error that the WCJ was manifestly erroneous in denying his workers' compensation benefits based upon incompetent evidence of the presence of fentanyl in his urine, in the form of an unconfirmed drug test in violation of La.R.S. 23:1081(9)(e). We disagree.

Louisiana Revised Statutes 23:1081(9)(e) requires the following:

4

Sample testing shall conform to scientifically accepted analytical methods and procedures. Testing shall include verification or confirmation of any positive test result by gas chromatography, gas chromatography-mass spectroscopy, or other comparably reliable analytical method, before the result of any test may be used as a basis for any disqualification pursuant to this Section. Test results which do not exclude the possibility of passive inhalation of marijuana may not be used as a basis for disqualification under this Chapter. However, test results which indicate that the concentration of total urinary cannabinoids as determined by immunoassay equals or exceeds fifty nanograms/ml shall exclude the possibility of passive inhalation.

As stated in Assignment of Error Number One, what substance, if any, caused Richard to be intoxicated is not as relevant as a finding that he was, in fact, intoxicated. Dr. William George, a toxicologist, testified regarding the intoxication tests administered to Richard. He testified that Richard's medical records indicate that the blood sample was subjected to two separate tests, including a gas chromatography. Regarding the results of those tests, Dr. George testified as follows:

Q Okay. And did you find particularly relevant the fact that the results from the hospital and the results from the crime lab were virtually identical?

A Yeah. They were. . . [T]hey actually confirm each other in a way. You have, if you will, auto analyzer, and then you have gas chromatography, but when you make the conversion you have a level that is basically the same.

We are aware that, like in Assignment of Error Number One, Richard points his arguments towards a different means of intoxication. However, as stated previously, the relevant fact is that Quality complied with La.R.S. 23:1081(9)(e) relative to alcohol intoxication. Thus, whether proper protocol was followed in verifying Richard's positive urine sample for fentanyl is a distinction without a difference as to the result of the finding that he was, in fact, intoxicated when his accident occurred. Accordingly, we find no merit to this assignment of error.

**ASSIGNMENT OF ERROR NUMBER THREE:**

In his third assigned error, Richard asserts that the WCJ committed manifest error in relying upon statements made by him after he received IV fentanyl administered by emergency responders. We disagree with this assertion.

> Factual findings in worker's compensation cases are subject to the manifest error or clearly wrong standard of appellate review. In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Where there are two permissible views of the evidence, a factfinder's choice between them can never be manifestly erroneous or clearly wrong. "Thus, 'if the [factfinder's] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.'"

> [Louisiana Revised Statutes] 23:1317 mandates that the hearing officer's factual findings be based on "competent evidence." This legislative mandate is necessary because under the express language of [La.R.S.] 23:1317, worker's compensation hearing officers are "not bound by the technical rules of evidence." In other words, the hearing officer has the discretion to admit evidence that would otherwise be inadmissible under the Louisiana Code of Evidence. This more relaxed standard for the admissibility of evidence is the general rule in proceedings before administrative agencies. The legislative requirement that a hearing officer's factual findings be based upon competent evidence is the safeguard that ensures that the factual findings are made on evidence that has some degree of reliability and trustworthiness, notwithstanding that the evidence might fall outside of the technical rules for admissibility. Therefore, when a reviewing court evaluates the factual findings of a hearing officer under the manifest error standard, it must determine whether the factual findings are reasonable *and supported by competent evidence in the record*. Although the Legislature has not defined "competent evidence," in order to give the relaxed evidentiary standard in [La.R.S.] 23:1317 effect, it must not be defined so narrowly as to mean only evidence that would fall within the parameters of the Louisiana Code of Evidence. If the hearing officer's factual findings are reasonably supported by competent evidence, then the reviewing court must affirm them.

*Chaisson v. Cajun Bag & Supply Co.*, 97-1225, pp. 8-10 (La. 3/4/98), 708 So.2d 375, 380-81 (citations omitted)(footnote omitted).

Here, Richard cites *Beck v. Newt Brown Constractors*, 46,523 (La.App 2 Cir. 9/21/11), 72 So.3d 982, *writ denied*, 11-2352 (La. 12/2/11), 76 So.3d 1180, for the proposition that a claimant's statements made when under the influence of medically

necessary and properly administered medication to combat a severe injury cannot be used against him or her. We find that Richard's characterization of *Beck* is inaccurate.

In *Beck*, the second circuit was contemplating whether a patently false statement made by a claimant under the influence of morphine meant that he forfeited his benefits under La.R.S. 23:1208. The WCJ found that the false statement was inconsequential to the case and that the claimant did not make the statement for the purpose of obtaining benefits. The second circuit upheld that finding. Thus, *Beck* does not stand for the proposition that statements made under the influence of medications cannot ever be used against a claimant, as Richard suggests. Rather, *Beck* stands for the proposition that making a false statement while under the influence of medically necessary medications, when those untruthful statements are not for the purpose to obtain benefits, cannot be used against a claimant to forfeit his benefits under La.R.S. 23:1208. As stated in *Beck*, 72 So.3d at 987, "Section 1208 does not penalize any false statement, but only those willfully made for the purpose of obtaining benefits."

Here, this court is not asked to uphold a WCJ's finding that the statements made by a claimant were inconsequential or inadvertent, and, as such, the claimant did not forfeit his benefits under La.R.S. 23:1208 for merely telling a lie. Rather, we are tasked with whether to uphold a WCJ's finding that a claimant forfeited his benefits under La.R.S. 23:1081 because he was intoxicated at the time of the accident. Richard's statements made under the influence do not serve as the primary basis for the finding that he was intoxicated. They merely corroborate the objective findings from alcohol and drug tests administered to him. Thus, we find no merit to this assignment of error.

**ASSIGNMENT OF ERROR NUMBER FOUR:**

7

In his final assigned error, Richard attests that the trial court abused its discretion in allowing toxicology expert, Dr. William George, to testify outside the scope of his report in issues not pled, including the presence of fentanyl in Richard's urine, in violation of La.Code Civ.P.art. 1425. Thus, according to Richard, the trial court committed manifest error and was clearly wrong in relying upon the testimony of Dr. William George, Appellee's toxicologist.

Like the previous three assigned errors, Richard's argument regarding Dr. George focuses on the appropriateness of his testimony regarding whether Richard was intoxicated via fentanyl. We have already stated that the substance of intoxication is not the focus of this matter so much as the fact that the record clearly supports a finding that Richard was, in fact, intoxicated at the time of the accident. Richard admitted that he was drinking prior to the accident. The investigating officer testified that he smelled alcohol on Richard and Richard's clothing. He also testified that he believed Richard to have been intoxicated and that the intoxication was a significant factor in causing his accident. Chad Comeaux, Richard's coworker, testified that he smelled a strong odor of alcohol when he went to Trinity Hospital the morning of the accident. These all corroborate Dr. George's testimony that his review of Richard's medical records and tests administered indicate that the blood sample taken from Richard was tested and confirmed that Richard had approximately three times the legal limit of alcohol in his blood at the time of the accident. Accordingly, we find that this assignment of error is without merit.

**ANCILLARY MATTERS:**

Quality points out in brief various other ways that a reasonable person could find that Richard forfeited his benefits under our workers' compensation statutes. We need not address these matters as we find no error by the WCJ in its judgment that Richard's injury was caused by his intoxication at the time of the accident.

8

Additionally, Quality requests that the WCJ's award for penalties and attorney's fees to Richard be reversed. We deny this request.

Whether to impose penalties and award attorney's fees to a claimant are questions of fact that will not be disturbed on appeal unless the WCJ was manifestly erroneous. *Maricle v. Sunbelt Builders, Inc.*, 05-398 (La.App. 3 Cir. 11/2/05), 916 So.2d 1226, *writ denied*, 05-2506 (La. 3/31/06), 925 So.2d 1261.

Louisiana Revised Statutes 23:1081(13) states:

> In the event a health care provider delivers emergency care to an injured worker later presumed or found to be intoxicated under this Section, the employer shall be responsible for the reasonable medical care provided the worker until such time as he is stabilized and ready for discharge from the acute care facility, at which time the employer's responsibility shall end for medical and compensation benefits.

Here, Quality failed to pay for Richard's emergency care which is clearly mandated by statute. Thus, it was not manifestly erroneous for the WCJ to find that Quality be subjected to a penalty and attorney's fees for this failure. Accordingly, we find no error by the WCJ in awarding Richard this penalty and attorney's fees.

## CONCLUSION:

Steve Richard raises four assignments of error. We find no merit to any of these assignments raised. Quality Construction and Production, LLC and Zurich American Insurance Company assert that the WCJ erroneously granted Steve Richard a penalty and attorney's fees for their failure to pay for Richard's emergency medical expenses. We find no error by the WCJ in assessing this penalty and awarding attorney's fees.

**AFFIRMED.**

9